UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ELI BRAXTON, et al.**                 **CIVIL ACTION**

**VERSUS**                 **CASE NO. 16-1813**

**BRAND ENERGY SOLUTIONS LLC, et al.**        **SECTION: "G" (2)**

### ORDER AND REASONS

Before the Court is Bridgefield Casualty Insurance Company and R&H Quality Refactory Service, Inc.'s ("Intervenors") Motion for Leave to Intervene.[1] Having reviewed the motion and the applicable law, the Court will deny the motion.

### I. Background

Plaintiffs Eli Braxton and Gwendelyn Braxton ("Plaintiffs") allege that on June 20, 2015, Eli Braxton was working as a brick layer at the Rain CII plant, when scaffolding constructed by Defendants "fell negligently striking [him] on his head, chest and other multiple parts of his body."[2] Eli Braxton brings claims for past, present and future pain and suffering, mental anguish and anxiety, past, present and future lost wages, including loss of earning capacity and future disability; Gwendelyn Braxton brings a loss of consortium claim.[3] Plaintiffs name as Defendants Brand Energy Solutions, LLC and its insurer, ABC Insurance Company.[4]

---

[1] Rec. Doc. 23.

[2] Rec. Doc. 1-4 at 2.

[3] *Id.* at 3.

[4] *Id.* at 1.

1

Plaintiff filed his petition for damages in the 29th Judicial Court for the Parish of St. Charles on January 8, 2016.[5] Defendant Brand Energy Solutions, LLC removed the case to this Court on March 3, 2016, and the sole basis asserted for subject matter jurisdiction was diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6]

On July 21, 2016, Intervenors filed a motion seeking to intervene in this action.[7] Intervenors seek to intervene in the above-captioned action to protect their claim for workers' compensation benefits and medical expenses paid to Plaintiff.[8] In the motion and proposed complaint, Intervenors state that Bridgefield Casualty Insurance Company is a foreign corporation licensed to do business in Louisiana, and that R&H Quality Refractory Service, Inc. is a Louisiana corporation with its principal place of business in Calcasieu Parish.[9] Further, the motion fails to assert that the amount in controversy would be satisfied by recovery of the attorney fees and costs. Intervenors do not assert any specific basis for subject matter jurisdiction in its motion or proposed complaint.

## II. Law and Analysis

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. "It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same

---

[5] Rec. Doc. 1 at 1.

[6] *Id.*

[7] Rec. Doc. 23.

[8] *Id.* at 1.

[9] Rec. Doc. 23-2 at 1.

State as any party on the other side."[10] Diverse citizenship must be present at the time the complaint is filed, and it is not affected by "subsequent changes in the citizenship of the parties."[11] The burden of proof remains on the party asserting jurisdiction,[12] and jurisdiction must be apparent on the face of the complaint.[13] The rules requiring the party asserting jurisdiction to do so "are straightforward, and the law demands strict adherence to them,"[14] and so a petitioner in intervention must assert the basis for subject matter jurisdiction of its claims.

Although supplemental jurisdiction exists over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution,"[15] this broad grant is not unlimited. Subsection (b) provides that in an action brought under 28 U.S.C. § 1332, that is, an action based solely on diversity, "the district courts shall not have supplemental jurisdiction under subsection (a)" over various types of intervenor claims "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."[16]

Therefore, in a diversity action, as here, petitioners must independently meet the appropriate jurisdictional requirements in order to intervene.[17] In a diversity action, either a lack

---

[10] *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974).

[11] *Id.* at 1398–99.

[12] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[13] *See, e.g., Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1343 (5th Cir. 1979). *See also Kerney v. Fort Griffin Fandangle Ass'n*, 624 F.2d 717, 719 (5th Cir. 1980) (pleading party must set out basis for jurisdiction "distinctly and affirmatively").

[14] *Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).

[15] 28 U.S.C. § 1367(a)

[16] *Id.*

[17] *Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010).

of complete diversity arising from the presence of the intervenor in the suit or the presence of an amount in controversy that does not exceed $75,000 is sufficient to bar jurisdiction over claims that would otherwise be covered by supplemental jurisdiction.[18] Even where the claims in the underlying lawsuit satisfy the amount in controversy requirement, the intervenor claims must also satisfy the amount in controversy requirement.[19] It is of no consequence that it might be more logical or convenient to adjudicate the intervenor claims within the same suit, as "convenience cannot supplant the unambiguous language of a jurisdictional statute."[20]

Here, Intervenors have not demonstrated that an independent basis for jurisdiction exists. The federal diversity jurisdiction statute provides that a corporation is a citizen of its state-of-incorporation and "of the State where it has its principal place of business."[21] The complaint in intervention does not properly allege the citizenship of Bridgefield Casualty Insurance Company. Moreover, Intervenors have not alleged that their intervenor claim meets the necessary amount in controversy. Therefore, subject matter jurisdiction is not apparent on the face of the complaint in intervention.

### III. Conclusion

For the reasons set forth above, Intervenors have failed to meet their burden as the parties asserting jurisdiction. Accordingly,

---

[18] *Id.* at 387 ("In this case, the lack of complete diversity and the presence of an amount in controversy less than $75,000.00 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332.").

[19] *Id.* at 389.

[20] *Id.* at 389-90 (also noting that "efficiency and economy cannot confer jurisdiction upon courts where Congress has, according to the Supreme Court, unambiguously chosen to limit such jurisdiction").

[21] 28 U.S.C. § 1332(c)(1).

**IT IS HEREBY ORDERED** that Bridgefield Casualty Insurance Company and R&H Quality Refactory Service, Inc.'s Motion for Leave to Intervene[22] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  26th   day of July, 2016.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[22] Rec. Doc. 23.