| | |
|---|---|
| **ELI BRAXTON, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-1813**<br>**c/w NO. 16-13031** |
| **BRAND ENERGY SOLUTIONS, LLC et al.** | **SECTION: "G" (5)** |

## ORDER

In this litigation, Third-Party Plaintiff Rain CII Carbon, LLC ("Rain CII") alleges that Third-Party Defendant R&H Quality Refractory Service, Inc. ("R&H") is required to "fully defend, indemnify, and hold Rain CII harmless from and against certain suits and/or actions," which include the principal litigation before this Court, in which Rain CII is a defendant.[1] Pending before the Court is R&H's "Rule 12(b)(6) Motion to Dismiss Third Party Complaint on Behalf of R&H Quality Refractory Service, Inc," asserting that the Third-Party Complaint filed by Rain CCII should be dismissed as premature.[2] Having considered the third-party complaint, the motion, the memoranda in support and opposition, and the applicable law, the Court will deny R&H's motion.

## I. Background

### A.    *Factual Background*

In this litigation, Eli Braxton ("Plaintiff") alleges that on or about June 20, 2015, he was working as a bricklayer and was injured while performing certain refractory work at Rain CII's

---

[1] Rec. Doc 35 at 4.

[2] Rec. Doc. 45.

facility in Norco, Louisiana.[3] Specifically, Plaintiff alleges that he was "installing plastic refractory on the inside of a brick 'man way door'" at Rain CII's facility.[4] Plaintiff further alleges that upon completing the task, he began to exit the area when certain scaffolding previously built, constructed, and designed by Defendant Brand Energy Solutions, LLC ("Brand Energy")[5] fell on Plaintiff's head, chest, and other multiple parts of his body, while employees of Brand Energy were "wrecking the scaffolding."[6] Plaintiff alleges that as a result of the incident, he injured his upper and lower back and sustained a possible traumatic brain injury.[7] Plaintiff alleges that the cause of the accident and resulting injuries was the negligence of Defendant Brand Energy.[8] "Additionally, or in the alternative, Petitioner alleges that Rain CII Carbon, LLC is liable as both the premise owner and the general contractor of the ongoing construction at the Rain CII Carbon Plant."[9]

In the Third-Party Complaint, Rain CII alleges that Plaintiff was an employee of R&H on June 20, 2015 and the work Plaintiff was performing at the time of the incident was pursuant to a service contract between Rain CII and R&H (the "Service Contract").[10] As referenced by Plaintiff, Section 8 of the "General Terms and Conditions" of the Service Contract contains defense and

---

[3] Rec. Doc. 1-4 at 1–2.

[4] *Id.* at 2.

[5] Plaintiff refers to "Defendant Brand Scaffold Builders" on several occasions in his pleadings. As Brand Scaffold Builders is not a named defendant in this litigation, the Court assumes that all instances are intended to refer to Defendant Brand Energy.

[6] Rec. Doc. 1-4 at 2.

[7] *Id.* at 3.

[8] Rec. Doc. 20 at 2.

[9] *Id.* at 4.

[10] Rec. Doc. 35 at 4.

indemnification provisions, and in relevant part states, "[R&H] shall fully indemnify, save harmless and defend [Rain CII] against all suits, actions, legal proceedings, claims, demands, damages, cost and expenses of whatsoever kind . . . caused by wrongful acts or any omission, fault, or negligence . . . ."[11] Accordingly, Rain CII alleges that R&H is required to defend and indemnify Rain CII against the claims asserted by Plaintiff in his lawsuit in which Rain CII is named as a defendant.[12]

Rain CII similarly alleges that the work performed by Brand Energy at Rain CII's facility on the same occasion was being done in accordance with a service contract between Brand Energy and Rain CII that incorporates the same defense and indemnification provisions under Section 8 of the General Terms and Conditions. Likewise, Rain CII claims that Brand Energy is required to defend and indemnify Rain CII against the claims asserted by Plaintiff in his lawsuit in which Rain CII is named as a defendant.[13]

## B.    *Procedural Background*

On January 11, 2016, Plaintiff and his wife, Gwendelyn Braxton,[14] filed a "Petition for Wrongful Injury and Damages" against Brand Energy and ABC Insurance Company in the 29th Judicial District Court for the Parish of St. Charles, Louisiana.[15] On March 3, 2016, Defendant Brand Energy filed a Notice of Removal based on this Court's diversity jurisdiction, and the case

---

[11] *Id.*

[12] *Id.* at 6.

[13] *Id.* at 8.

[14] On November 23, 2016, Gwendelyn Braxton's loss of consortium claim was dismissed with prejudice. Rec. Doc. 49.

[15] Rec. Doc. 1-4; Rec. Doc. 35 at 3.

was thereby removed and lodged in this Court as Civil Action No. 16-1813.[16] On June 22, 2016, with leave of Court, Plaintiff filed an Amended Complaint and joined Rain CII as a co-defendant in this action.[17] On July 29, 2016, with leave of court, Bridgefield Casualty Insurance Company ("Bridgefield"), the workers' compensation carrier for R&H, and R&H filed a Complaint in Intervention to recover from any monetary award to Plaintiff in this lawsuit any previous or future benefits paid out to Plaintiff through the workers' compensation policy covering the same injury that is the subject of this litigation.[18]

On June 8, 2016, Plaintiffs filed a separate suit against Rain CII in the 29th Judicial District Court for the Parish of St. Charles, Louisiana.[19] On or about July 20, 2016, Rain CII also filed a Notice of Removal based on this Court's diversity jurisdiction, and the case was thereby removed and lodged in this Court as Civil Action No. 16-13031.[20] On August 2, 2016, Plaintiffs filed a Motion to Consolidate Civil Action No. 16-13031 and Civil Action No. 16-1813, under Federal Rule of Civil Procedure 42, because the two civil actions based on diversity of citizenship involve common questions of law and fact.[21] On August 8, 2016, the Court granted the unopposed motion, and the two cases were consolidated.[22]

---

[16] Rec. Doc. 1.

[17] Rec. Doc. 20.

[18] Rec. Doc. 27.

[19] Rec. Doc. 30-1 at 2.

[20] *Id.*

[21] Rec. Doc. 30.

[22] Rec. Doc. 33.

On August 8, 2016, Rain CII filed a Third-Party Complaint against R&H and Brand Energy for defense and indemnification of its potential liability in the principal lawsuit filed by Plaintiffs, in which it is a defendant.[23] On October 18, 2016, R&H filed the instant Rule 12(b)(6) Motion to Dismiss Third Party Complaint,[24] arguing that Rain CII's Third-Party Complaint should be dismissed as premature. On November 29, 2016, Rain CII filed its Opposition to R&H's Motion to Dismiss.[25]

## II. Parties' Arguments

### A. R&H's Arguments in Support of the Motion to Dismiss

In support of its motion to dismiss, R&H asserts that Rain CII's claims for a contractual defense and indemnity are premature until the principal lawsuit is concluded and liability is determined, and thus Rain CII has failed to state a claim under Rule 12(b)(6).[26] R&H relies on *Suire v. Lafayette City-Parish Consolidated Government*, a Louisiana Supreme Court case, in support of its argument.[27] R&H represents that in *Suire*, the Louisiana Supreme Court stated, "a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid."[28] Accordingly, R&H asks this Court to dismiss Rain CII's Third-Party Complaint without prejudice because "[o]nly if Rain CII makes a payment or sustains a loss after

---

[23] Rec. Doc. 35.

[24] Rec. Doc. 45.

[25] Rec. Doc. 50.

[26] Rec. Doc. 45-1 at 2–4.

[27] *Id.* at 2 (citing *Suire v. Lafayette City-Par. Consol. Gov't*, 2004-1459, p. 17 (La. 4/12/05); 907 So. 2d 37, 51).

[28] *Id.* at 3 (quoting *Suire,* 907 So. 2d 37 at 51 (internal quotation marks omitted)).

a trial on the merits in the main demand would the Court then have to consider Rain CII's claim for defense and indemnity against R&H."[29]

**B.     Rain CII's Arguments in Opposition to R&H's Motion to Dismiss**

In its opposition to R&H's motion to dismiss, Rain CII first argues that federal law, rather than state law, controls because Federal Rule of Civil Procedure 14 is "mostly procedural in nature."[30] Rain CII accordingly asserts that under federal law, Rule 14 permits a party to file claims for contractual defense and indemnity, even if those claims have not yet accrued.[31] Rain CII further asserts that *Suire*, though not applicable, does not, in fact, stand for the proposition that R&H purports.[32] To this end, Rain CII argues that in *Suire*, the Court did not dismiss the third-party claims for indemnity of defense costs but deferred the claims until the lawsuit on the principal claims was concluded and liability was determined.[33]

Moreover, Rain CII argues that "[t]he words 'may be liable,' as stated in Rule 14, mean that defendant is permitted to join someone against whom a cause of action has not yet accrued, provided that the claim is contingent upon the success of plaintiff's action and will accrue."[34] Rain CII further contends that the Fifth Circuit has recognized that "the accrual of a right is sometimes accelerated under Rule 14."[35] Rain CII finally asserts that the "principles of judicial economy,

---

[29] *Id.*

[30] Rec. Doc. 50 at 1.

[31] *Id.* at 4–7.

[32] *Id.* at 4–5.

[33] *Id.*

[34] *Id.* at 5 (citing *Winslow v. American Airlines, Inc.*, 2008 WL 4469962 (E.D. La. Sept. 29, 2008)).

[35] *Id.* at 6 (citing *Travelers Ins. Co. v. Busy Elec. Co.*, 294 F.2d 139, 145 (5th Cir. 1961)).

efficiency, and convenience of parties support the adjudication of Rain CII's third-party claims in this consolidated matter."[36]

### III. Law and Analysis

**A.**     ***Legal Standard on Motion to Dismiss***

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[37] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[38] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[39] "Factual allegations must be enough to raise a right to relief above the speculative level."[40] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[41]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[42] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[43] "While legal conclusions

---

[36] *Id.* at 7.

[37] Fed. R. Civ. P. 12(b)(6).

[38] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[40] *Twombly*, 550 U.S. at 556.

[41] *Id.* at 570.

[42] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[43] *Iqbal*, 556 U.S. at 677–78.

7

can provide the framework of a complaint, they must be supported by factual allegations."[44] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[45] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[46] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[47] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[48] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[49]

## B.    *Analysis*

In its motion to dismiss, R&H asserts that Rain CII has failed to state a claim under Rule 12(b)(6), because Rain CII's claims for defense and indemnification are premature until the principal lawsuit is concluded and liability is determined.[50] In opposition, Rain CII asserts that

---

[44] *Id.* at 679.

[45] *Id.* at 678.

[46] *Id.*

[47] *Id.*

[48] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[49] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[50] Rec. Doc. 45-1 at 4.

Federal Rule of Civil Procedure 14 permits it to file third-party claims for indemnification against R&H at this stage of litigation.[51]

As an initial matter, the Court must determine whether to apply federal or state law in its analysis of claims based on Rule 14, which allows a defendant to implead a third-party. "*Erie* requires that federal courts apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings."[52] Rule 14 was enacted by Congress pursuant to the Enabling Act, which the Fifth Circuit recognizes empowered the Court "to promulgate rules of procedure only having no substantive impact."[53] The Fifth Circuit has thereby held that Rule 14 is a "procedural device," and "[b]oth the Enabling Act and *Erie* combine to forbid the accidental creation of a substantive right through the operation of [it]."[54] Therefore, because Rule 14 is procedural in nature, federal law applies. Accordingly, the Court need not address R&H's argument that the claims are premature under Louisiana law.

Rule 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." According to the Fifth Circuit, "[t]he wording of Rule 14(a) encompasses any person who 'is or may be liable.'"[55] Moreover, the Fifth Circuit has recognized that Rule 14 permits

---

[51] Rec. Doc. 50 at 1.

[52] *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)).

[53] *Busy Elec.*, 294 F.2d at 148 (5th Cir. 1961).

[54] *See id.* at 141; *see also Se. Mortg. Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975) (attesting that Rule 14 is a "procedural device").

[55] *Busy Elec.*, 294 F.2d at 145–49 (quoting 3 Moore, Federal Practice § 14.08 at 419).

impleader when "the third party defendant's *potential* liability is dependent upon the outcome of the main claim."[56]

In its motion to dismiss, R&H does not challenge the factual sufficiency of Rain CII's claims that R&H, pursuant to Section 8 the Service Contract, "agreed to fully defend, indemnify, and hold Rain CII harmless from and against certain suits and/or actions, like the ones being brought by Plaintiffs."[57] As the Fifth Circuit recognizes, a third-party defendant's "potential liability" under Rule 14 is sufficient to permit impleader. Because R&H "is or may be" liable pursuant to Section 8 of the Service Contract, which R&H does not dispute, Rain CII has alleged sufficient facts to state a claim under Rule 12(b)(6).

### IV. Conclusion

Based on the foregoing, the Court finds that under the Rule 12(b)(6) motion to dismiss standard, Rain CII has alleged sufficient facts to state a claim against R&H. Therefore, the Court denies R&H's Rule 12(b)(6) Motion to Dismiss Third Party Complaint. Accordingly,

**IT IS HEREBY ORDERED** that R&H's 12(b)(6) Motion to Dismiss Third Party Complaint on Behalf of R&H Quality Refractory Service, Inc.[58] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __9th__ day of August, 2017.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[56] *Se. Mortg. Co.*, 514 F.2d at 749 (emphasis added); *see also United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 750 (5th Cir. 1967) (holding that "[the third-party plaintiff] may implead the [third-party defendant] if it is found that the [third-party defendant] may be liable to the [third-party plaintiff] for all or part of [a] claim against [it]").

[57] Rec. Doc. 35 at 4.

[58] Rec. Doc. 45.